**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2332**

JEFFREY V. HOWES; TONYA H. HOWES,

Plaintiffs - Appellants,

v.

WELLS FARGO BANK, N.A.; US BANK NATIONAL ASSOCIATION; CARRINGTON MORTGAGE SERVICES, LLC; CHRISTIANA TRUST, a Division of Wilmington Savings Fund Society, FSB,

Defendants - Appellees,

and

SELENE FINANCE, L.P.,

Defendant,

ELLEN W. COSBY,

Trustee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:14-cv-02814-ELH)

Argued: December 6, 2016                    Decided: February 16, 2017

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part and remanded in part by unpublished per curiam opinion.

**ARGUED**: Gregory Bryl, BRYL LAW OFFICES, Washington, D.C., for Appellants. Kyle James Moulding, MCCABE, WEISBERG, AND CONWAY, LLC, Laurel, Maryland, for Appellees. **ON BRIEF**: Douglas B. Riley, TREANOR POPE & HUGHES, P.A., Towson, Maryland, for Appellees Wells Fargo Bank, N.A. and U.S. Bank National Association.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a Chapter 13 bankruptcy proceeding that Jeffrey Howes filed to forestall foreclosure on his residence in Howard County, Maryland, Jeffrey and his wife Tonya commenced this adversary action against four banks that played various roles in collecting the indebtedness. The Howes alleged fraud and violations of relevant statutes, and sought sanctions for the banks' defective proofs of claim filed in the bankruptcy proceeding.

The record shows that in 2001, the Howes borrowed $696,130 from The Columbia Bank, executing a note in favor of the bank and a deed of trust on their residence to secure the notes' repayment. Thereafter, The Columbia Bank sold the note and deed of trust to another bank, which in turn resold them. The assignments were repeated, and at least once included an assignment into a mortgage-backed securitization trust.

In April 2009, when the Howes defaulted on their loan, they began protracted efforts to renegotiate the note's terms with Wells Fargo Bank, N.A., which was at the time servicing the note on behalf of US Bank National Association. When the efforts failed, US Bank filed a foreclosure action, stating that it was "the owner and holder of the loan evidenced by the Note."

In an effort to halt the foreclosure sale, Jeffrey Howes filed a Chapter 13 bankruptcy proceeding in November 2012, in which US Bank then filed a proof of claim for $740,334.24, with $200,196.79 representing pre-bankruptcy arrears. Jeffrey opposed US Bank's claim, arguing that US Bank lacked documentation supporting the arrearage. In response, Wells Fargo filed an amended claim listing it as the mortgage creditor and

3

attaching documents to support the arrearage. Jeffrey objected to the amended claim on the ground that Wells Fargo had no power to enforce the note.

During the bankruptcy, the Howes' note was again assigned, this time to Carrington Mortgage Services, LLC, as servicing agent for Christiana Trust, and the two accordingly filed notice of their interest in the amended proof of claim.

Jeffrey and Tonya Howes thereafter filed this adversary proceeding against Wells Fargo, US Bank, Carrington, and Christiana, alleging that all defendants had committed fraud and all had submitted defective proofs of claim. The Howes' claims were based on the premise that none of the defendants were in possession of the note and that none therefore could show that it had the power to enforce it. The bankruptcy court dismissed the Howes' fraud claim with prejudice and the remaining claims without prejudice. The court concluded that the plaintiffs could not possibly state a claim for fraud, finding meritless the Howes' claim that none of the banks could enforce the note. As to the remaining claims, the court gave the Howes leave to file an amended complaint or to object to the latest claim filed by Christiana and Carrington. At the same time, it required Christiana to file an affidavit showing that it in fact had the right to enforce the note, as it alleged.

As directed, Christiana filed an affidavit, attaching documents showing that the original note had been lost but showing also that the chain of assignments of parties' interests in the note and deed of trust ended with their assignment to Christiana. The plaintiffs, however, did not amend their complaint, as authorized by the bankruptcy court,

4

nor did they revise their objection to the amended proof of claim. Rather, they filed an appeal to the district court, challenging the bankruptcy court's dismissal order.

The district court affirmed the bankruptcy court's ruling in a 99-page memorandum opinion. The court stated further, however, that the bankruptcy court could grant the Howes leave to file an amended objection to the proof of claim and to raise recoupment defenses to the amounts stated in the claim, as the Howes had challenged the amount owed. The Howes declined to do so, and instead filed this appeal from the district court's order.

During oral argument, the banks' counsel reported a factual development that occurred after the district court had issued its opinion and order. Counsel stated that the Howes' original note had in fact been discovered and was currently being held by US Bank as trustee for a third-party real estate investment trust. Because this fact is material to plaintiffs' claims challenging enforcement of the note, we find it appropriate to have this new fact considered, as well as the Howes' arguments challenging the amount owed.

Accordingly, for the reasons stated by the district court, we affirm the order dismissing the Howes' fraud claim with prejudice. We also affirm the court's order denying the Howes' request for sanctions against the banks for allegedly filing defective proofs of claim. As the district court explained, the bankruptcy court did not abuse its discretion in denying sanctions based on the original claim filed by US Bank or the amended claim filed by Wells Fargo. Finally, in light of the discovery of the original

5

note, we remand the Howes' remaining claims for further proceedings to consider that fact and to consider the Howes' challenge to the amounts owed on the note.

AFFIRMED IN PART AND REMANDED IN PART